Case 2:24-cv-00281   Document 30   Filed on 04/22/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER DALE HAVENS, § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 2:24-CV-00281 |
| § | |
| SHERIFF BILL MILLS, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 19). The M&R recommends that the Court:

- Retain Plaintiff's Fourteenth Amendment excessive-force claims against Sergeant Arisola and Corporal Solis in their individual capacities with regard to the February 15, 2024 use of force;

- Dismiss without prejudice Plaintiff's municipal liability claims against all defendants in their official capacities;

- Dismiss Plaintiff's remaining claims against the remaining defendants in their individual capacities as frivolous or for failure to state a claim;

- Deny Plaintiff leave to amend.

(D.E. 19, p. 51–52). Plaintiff has filed written objections to the M&R. (D.E. 25).

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 25), and **ADOPTS in part** the findings and conclusions of the M&R, (D.E. 19).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A

party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff raises numerous objections to the M&R. *See generally* (D.E. 25). The Court addresses each in turn.

Plaintiff first objects to the dismissal of his claims regarding the alleged cell cleaning and cell search policies. (D.E. 25, p. 1–2). With respect to the alleged cell cleaning policy, the M&R recommends dismissal because "Plaintiff does not claim that any other inmate has been subject to this purported cell search policy." (D.E. 19, p. 21–22) (citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 850–51 (5th Cir. 2009)). The M&R correctly concluded that, to state a claim for municipal liability, a plaintiff must show sufficiently numerous prior incidents as opposed to isolated instances. *Peterson*, 588 F.3d at 850–51. Plaintiff's objections fail to cure this defect by noting that "[i]t is unjust for me to know who other th[a]n myself is being subject to this policy." (D.E. 25, p. 1). Indeed, Plaintiff seems to suggest that nobody else is subject to this alleged policy. *See id.* ("I can affirmatively state I am being treated differently from others"). Circuit law requires

Plaintiff to identify sufficiently numerous prior incidents. *Peterson*, 588 F.3d at 850–51. Plaintiff has failed to do so. Accordingly, the Court **OVERRULES** this objection.

Regarding the alleged cell search policy, the M&R recommends dismissal both because Plaintiff fails to plausibly allege that Deputy Chief Chapa or Lieutenant Martinez are policymakers, and because "he fails to plausibly allege a violation of his constitutional rights that is a 'moving force' of the policy." (D.E. 19, p. 22–23). In his objections, Plaintiff argues that he "specifically stated that Chapa is in charge of running the day to day operations . . . ." (D.E. 25, p. 2). Even assuming Plaintiff is correct and his statement suffices to establish that Chapa is a policy maker, Plaintiff has failed to cure the other defect identified by the M&R: his failure to plausibly allege a constitutional violation that is a moving force of the cell search policy. *See* (D.E. 19, p. 22). Accordingly, the Court **OVERRULES** this objection.

Plaintiff next makes numerous objections to the M&R's recommendation regarding the February 15 incident. (D.E. 25, p. 2–3). However, the M&R recommends retaining this claim. (D.E. 19, p. 31). To the extent Plaintiff argues the M&R has misrepresented the facts supporting his claim, he may clarify the facts by seeking leave to amend his complaint in proceedings before Magistrate Judge Hampton. However, the Court notes that this may subject his amended claim to additional screening. As it stands, the M&R determined that Plaintiff has stated a claim regarding the February 15 incident. *Id.* Plaintiff has not pointed to any error in that legal conclusion. Accordingly, the Court **OVERRULES** Plaintiff's objection.

Plaintiff objects to the M&R's recommendation to dismiss his claims regarding the denial of medical care. (D.E. 25, p. 4–5). In his objections, Plaintiff first argues that the M&R "arbitrarily, wholly and inaccurately summarizes [his] request for chronic severe eczema." *Id.* at 4. However, as the M&R correctly explained, the denial of treatment for eczema does not expose a plaintiff to

a substantial risk of serious harm. (D.E. 19, p. 36) (collecting cases).

Plaintiff then states that "Highest Rank Sheriff CD, Second Ranked Chief Brooks, Third Rank Chapa, [and] Fourth Rank Martinez … have all been subject to notification of documented chronic problems ([epilepsy], asthma, eczema)" (D.E. 25, p. 4). But Plaintiff does not offer anything to suggest that these officers denied him medical care for these conditions, or that they were in any way involved with medical decisions at the prison.

Finally, Plaintiff describes the severity of his daily boils, arguing that he did not receive adequate medical treatment for them. *Id.* However, the M&R correctly concluded that "[e]ven if Plaintiff could establish an objective exposure to a substantial risk of serious injury arising from the staph infection, his allegations fail to show that either Nurse Pearson, Nurse Isabel, or Nurse Castro were aware of an excessive risk to Plaintiff's health and consciously disregarded that risk by taking no action to remedy his infection." (D.E. 19, p. 38). In fact, as the M&R notes, "Plaintiff acknowledges that he received a ten-day regimen of antibiotics to treat the infection, and his complaints regarding this treatment amount only to his disagreement over the course of treatment he received after that antibiotic regimen had been completed." *Id.* Although Plaintiff's objections provide troubling details regarding the severity of his boils, they cast no doubt on the M&R's conclusion that he did in fact receive antibiotic treatment for the infection. And, as the M&R correctly concluded, "Plaintiff's disagreement with the medical care afforded to him for his alleged staph infection is insufficient to state a § 1983 claim." (D.E. 19, p. 38) (first citing *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); then citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); then citing *Irby v. Hinkle*, No. 21-40621, 2023 WL 2524447, at *4 (5th Cir. Mar. 15, 2023) (per curiam); and then citing *Proctor v. Schuyler*, No. 1:16-CV-313, 2019 WL 4127277, at * (E.D. Tex. Aug. 12, 2019) (Giblin, Mag. J.), *adopted*, 2019 WL 4645360 (E.D. Tex. Sep. 23,

2019). Accordingly, the Court **OVERRULES** these objections.

Plaintiff also objects to the dismissal of his denial-of-medical-care claims against Deputy Chief Chapa and Lieutenant Martinez. (D.E. 25, p. 5). The M&R recommends dismissal of these claims on the grounds that Plaintiff failed to allege any specific facts to show that either defendant played any role in the alleged denials of medical care. (D.E. 19, p. 39). Plaintiff objects that Deputy Chief Chapa and Lieutenant Martinez are high ranking officials in the jail and deal with jail operations and administration. (D.E. 25, p. 5). Plaintiff again fails to provide any specific facts showing how either defendant was involved in medical-care decisions at the jail, which understandably might fall outside the purview of non-medical professionals. Accordingly, the Court **OVERRULES** this objection.

Next, Plaintiff objects to the dismissal of his due process claim regarding the denial of a disciplinary hearing. (D.E. 25, p. 5–6). The M&R recommends dismissal of Plaintiff's claim because Plaintiff "offer[ed] no allegations detailing that he was subject to change in conditions of confinement or any type of disciplinary action resulting in more restrictive custody." (D.E. 19, p. 42–43). In his objections, Plaintiff argues that he "was placed on restriction for 30 days with all privileges revoked . . . ." (D.E. 25, p. 6). This amounts to a factual allegation that Plaintiff was subject to change in conditions of confinement or disciplinary action that resulted in more restrictive custody. Accordingly, the Court **GRANTS** Plaintiff leave to amend his complaint to include these factual allegations.

Plaintiff also objects to the dismissal of his denial-of-access-to-courts claim against Sheriff Mills in his individual capacity. (D.E. 25, p. 6). Specifically, Plaintiff argues that "[t]he Sheriff has treated [Plaintiff's] grievances with deliberate indifference, told [Plaintiff] that he doesn't participate in the grievance process and will refuse to answer anything [Plaintiff] write[s] to him."

*Id.* The M&R recommends dismissal of this claim as frivolous because, *inter alia*, Plaintiff has not shown that he suffered any actual injury as a result of Sheriff Mills's alleged actions. (D.E. 19, p. 44–45). Plaintiff has failed to ameliorate this defect, and, as the M&R notes, "the existence of this action and numerous other actions filed by Plaintiff belie any claim that he has been denied meaningful access to the courts." *Id.* Accordingly, the Court **OVERRULES** this objection.

Plaintiff then objects to the dismissal of his harassment claim against Deputy Chief Chapa in his individual capacity. (D.E. 25, p. 7). Plaintiff argues that "Chapa along with other Jail admins are using laws that are legitimate for unlawful illegitimate purposes to single [Plaintiff] out for mistreatment." *Id.* As an example, Plaintiff points to the fact that he is frequently subject to cell searches for contraband despite not leaving his cell between the searches. *Id.* As the M&R notes, Plaintiff fails to differentiate this claim from his other claims, particularly his claim related to cell searches. (D.E. 19, p. 45). And, the M&R recommends dismissing that claims for failure to plausibly allege that any cell search policy was the moving force behind a violation of Plaintiff's constitutional rights. (D.E. 19, p. 23–24). Here, again, Plaintiff fails to describe how this harassment constituted a violation of his constitutional rights. *See* (D.E. 19, p. 45). Accordingly, the Court **OVERRULES** this objection.

Finally, Plaintiff objects to the dismissal of his retaliation claims against Sheriff Mills and Deputy Chapa in their individual capacities. (D.E. 25, p. 7). The M&R recommends dismissal of this claim because Plaintiff does not offer direct evidence of retaliatory intent or a plausible timeline from which such intent could be inferred. (D.E. 19, p. 48–49). In his objections, Plaintiff notes various actions allegedly taken against him by the guards and the conclusory assertion that "[t]his is all based on [stereotypes] and wouldn't be happening if [he] didn't sue them." (D.E. 25, p. 7). Again, Plaintiff fails to provide any evidence of retaliatory intent. Accordingly, the Court

**OVERRULES** Plaintiff's objection. *See Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999) (per curiam) (retaliation claim requires allegation of retaliatory intent).

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 25), and **ADOPTS in part** the findings and conclusions of the M&R, (D.E. 19). Accordingly, the Court:

- **RETAINS** Plaintiff's Fourteenth Amendment excessive-force claims against Sergeant Arisola and Corporal Solis in their individual capacities with regard to the February 15, 2024 use of force;

- **DISMISSES** without prejudice Plaintiff's municipal liability claims against all defendants in their official capacities;

- **GRANTS** Plaintiff leave to amend his complaint to include additional factual allegations for his due process claims against Deputy Chief Chapa and Lieutenant Martinez in their individual capacities regarding the denial of a disciplinary hearing;

- **DISMISSES** Plaintiff's remaining claims against the remaining defendants in their individual capacities as frivolous or for failure to state a claim.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
April 22nd, 2025